THE CITY BANK OF NEW ORLEANS *v.* JAMES DESBAN and others.

Defendant stipulated, as part of the price of a lot of ground and certain bank stock, which was to be delivered immediately, to pay a note due by his vendor to the plaintiff; the stock was not transferred, nor the contract cancelled. In an action by the plaintiffs on the note, *held,* that the judgment in favor of defendant should be one of non-suit, as the stock may still be delivered.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*Micou,* for the appellants. There was no privity between the plaintiffs and Toledano. There was a partial failure of considera-tion. Toledano does not ask a rescission of the sale; and he cannot keep the property, and refuse to pay the price. Should the defence of the appellee be sustained, the judgment should, at most, be one of non-suit.

*Pepin,* for the defendant, Toledano. 1. The promise of Tole-dano was conditional, and the consideration having failed, he is not bound. Civ. Code, arts. 1887, 1890, 1891. Pothier, Des Obliga-tions, No. 42. 2. No rescission of the sale could be asked for in this suit; it must be demanded in a direct action against Desban, the vendor. 3. The judgment below was correct. *Chedoteau's Heirs* v. *Dominguez,* 7 Mart., 522. *Applegate et al.* v. *Morgan et al.,* 5 Mart., N. S., 643. *Pritchard* v. *Hamilton,* 6 Ib., N. S., 457.

BULLARD, J.*   The plaintiffs are appellants from a judgment in favor of Raphael Toledano, one of the defendants, absolving him from an obligation contracted by him, to pay a promissory note, executed by Desban in favor of Villatte, and upon which the present suit is brought by the indorsees. His defence is, that the consideration of his promise to pay the note, has entirely failed.

It appears, that Desban sold to Toledano a certain city lot, together with forty shares of the stock of the Union Bank, secured by mortgage on the lot, which stock he engaged to transfer immediately on the books of the bank ; that, as a part of the price, the purchaser promised to pay the note of his vendor, the same on which this suit is brought.  It further appears, that the bank stock has never been transferred according to the contract, notwithstanding many vain efforts to obtain its transfer, and, indeed, that the stock has never been transferred to Desban, himself, who was not possessed of it at the time of the contract.

It is clear, therefore, that the consideration of this *stipulation pour autrui* has partially failed, but it does not appear that the contract has ever been cancelled.  Its rescission is not demanded in this suit.  It is true, as has been contended by the counsel, that there was, originally, no privity of contract between the appellee and the bank.  But the bank was acquainted with the consideration for the promise made by the appellee, Toledano.  We think, however, that the judgment should have been one of non-suit, because the stock may hereafter be transferred, nothing having occurred to prevent it, so far as it appears from the record ; and, in that event, Toledano may be still bound by his promise.

The judgment of the Commercial Court is, therefore, affirmed with costs ; reserving, however, to the plaintiffs, their right to recover hereafter of Toledano, on the completion of his contract relative to the bank stock.

---

* MORPHY J., being interested, did not sit on the trial of this case.